**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-14021-CIV-MIDDLEBROOKS/MAYNARD**

**STEPHANIE EDWARDS,**

**Plaintiff,**

**v.**

**B. BRAUN MEDICAL, INC.,**

**Defendant.**
_____________________________________/

FILED BY SW D.C.
Aug 17, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [DE 42]**

**THIS CAUSE** is before me on Defendant B. Braun Medical Inc.'s Motion to Enforce Settlement Agreement ("Motion"), DE 42, which has been referred to me for a Report and Recommendation, DE 49. Plaintiff filed a Response in opposition, DE 47, and Defendant filed a Reply, DE 48. Having reviewed the briefing, the record, and the applicable law, I recommend that the Motion be **GRANTED**.

**BACKGROUND**

Plaintiff, proceeding *pro se*, filed this product-liability action arising from an alleged needlestick injury involving an intravenous catheter manufactured by Defendant. DE 42 at 1-2. On July 1, 2026, the parties participated in a settlement conference before me. DE 36. Plaintiff appeared on her own behalf, and Defendant appeared through counsel and an authorized representative. *Id.* After several hours of negotiations, the parties reached an agreement resolving the case, and I noted on the docket that the matter had been "settled in full." *Id.* The presiding district judge thereafter directed the parties to submit closing documents. DE 37.

On July 9, 2026, Defendant sent Plaintiff a proposed written Settlement Agreement and Release. DE 42 at 2; DE 48-1 at 3. The following day, Plaintiff advised that, "[a]fter careful consideration," she had decided not to execute the proposed agreement or accompanying Form W-9. DE 48-1 at 3. When Defendant asked whether Plaintiff objected to any provision of the proposed agreement or had instead changed her mind about settling, Plaintiff identified no disputed provision. *Id.* at 2-3. At the parties' request, I thereafter conducted follow-up conferences with each side on July 17, 2026. DE 39; DE 40; DE 41.

Defendant now moves to enforce the parties' settlement and require Plaintiff to execute the written agreement. DE 42. Plaintiff does not dispute that she agreed to a specified payment in exchange for resolution and dismissal of this action, nor does she dispute that confidentiality was part of the agreement. Indeed, Plaintiff acknowledges that she specifically asked during the settlement conference whether she would be required to sign a confidentiality agreement and was told that she would. DE 47 at 1. She nevertheless contends that Defendant has not established that every provision of its proposed written agreement corresponds to the agreement reached at the settlement conference. *Id.* at 1-3. Plaintiff does not, however, identify any provision that allegedly differs from the parties' agreement or explain the nature of any purported discrepancy. *Id.*

**<u>LEGAL STANDARD</u>**

A federal district court possesses the inherent authority to enforce a settlement agreement entered into by parties litigating before it. *Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991). The construction and enforcement of a settlement agreement are governed by the contract law of the forum state. *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985). Florida law therefore governs here.

Under Florida law, settlement agreements are "highly favored" and "will be enforced whenever possible." *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985). A settlement is enforceable when its terms are sufficiently specific and the parties mutually agree to every essential element. *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002). Whether the parties formed a contract is determined objectively from their words and conduct, not from an unexpressed subjective intent. *Robbie*, 469 So. 2d at 1385. The parties need not resolve every possible contingency, and uncertainty as to nonessential or ancillary matters does not defeat an otherwise binding agreement. *Id.*; *Spiegel*, 834 So. 2d at 297.

An agreement need not be reduced to a signed writing to be enforceable unless the parties made execution of a writing a condition precedent to formation. *See Boyko v. Ilardi*, 613 So. 2d 103, 104–05 (Fla. 3d DCA 1993). Thus, when the parties have agreed to all material terms and objectively manifested an intent to be bound, one party's later refusal to sign a written memorialization does not undo the agreement.

A court may summarily enforce a complete settlement agreement when no substantial factual dispute exists concerning its existence or material terms. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994). An evidentiary hearing is required only when the parties raise a substantial factual dispute concerning those matters. *Id.*

## DISCUSSION

The record establishes that the parties entered into an enforceable settlement on July 1, 2026. During the settlement conference before me, the parties agreed to the essential terms of their bargain: Defendant would pay Plaintiff a specified sum; Plaintiff would resolve and dismiss her claims; and the settlement would remain confidential. I then reported that the case had settled in

full. DE 36. Those objective manifestations of assent—not Plaintiff's later reservations—govern whether an agreement was formed. *See Robbie*, 469 So. 2d at 1385.

Plaintiff's own Response confirms the settlement's central terms. She acknowledges that the agreement included payment to resolve the litigation, dismissal of this action, and a confidentiality agreement. DE 47 at 1. She does not contend that the parties failed to agree on the settlement amount, the claims to be resolved, or the disposition of this case. Nor does she assert that her assent was conditioned on later review and execution of a written agreement. Her subsequent decision not to sign therefore does not negate the agreement already reached. *See Boyko*, 613 So. 2d at 104–05.

Plaintiff instead argues that Defendant has not shown that its proposed written agreement is identical to the agreement reached during the settlement conference. DE 47 at 1-3. But Plaintiff identifies no provision that she contends is inaccurate, materially different, or outside the parties' agreement. A generalized assertion that a proposed writing may not accurately reflect the agreement, without identifying any actual discrepancy, does not create a substantial factual dispute requiring an evidentiary hearing. *See Murchison*, 13 F.3d at 1486. Nor does it provide a basis for Plaintiff to avoid the settlement itself.

*Gourley v. MV Transportation, Inc.*, 2026 WL 1481342 (M.D. Fla. May 27, 2026), does not compel a different result. There, the written release extended to additional persons and entities whom the parties had not identified during settlement negotiations, creating a concrete dispute over the scope of an essential release term. *Id.* at *2-3. Here, by contrast, Plaintiff identifies no additional released party, expanded category of claims, or other provision that materially alters the parties' bargain. Her abstract challenge to the proposed writing is therefore unlike the specific disagreement presented in *Gourley*. Plaintiff's failure to identify any actual inconsistency in

Defendant's proposed agreement provides no basis to deny enforcement or delay performance of the parties' bargain.

The circumstances instead reflect a valid settlement followed by a change of mind. A party may not repudiate an otherwise binding settlement merely because she later regrets the bargain, receives advice from others, or concludes that she would prefer different terms. The Court's task is not to determine whether Plaintiff continues to regard the settlement as advantageous; it is to determine whether the parties objectively manifested assent to its essential terms. They did.

I have reviewed the proposed written settlement agreement that Defendant sent to Plaintiff. I find that it accurately memorializes the terms agreed upon by the parties on July 1, 2026. Accordingly, the settlement should be enforced.

## RECOMMENDATION

For the foregoing reasons, I respectfully recommend that Defendant's Motion to Enforce Settlement Agreement, DE 42, be **GRANTED**; that the parties' July 1, 2026 settlement agreement be **ENFORCED**; that Plaintiff be directed to execute the written Settlement Agreement and all documents reasonably necessary to effectuate the settlement, provided those documents accurately memorialize the terms agreed upon; and that the parties be directed to file a stipulation of dismissal within a deadline established by the district judge.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald M. Middlebrooks, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein. **Conversely, if a party**

**does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 17th day of August, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE